**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES MILLER,<br>Booking #13761632,<br>Former CDCR #F-88264, #T-186631,<br>                               Plaintiff,<br><br>vs.<br><br>WILLIAM D. GORE, Sheriff;<br>DANIEL PENA, Deputy Sheriff (Captain);<br>CARL BREWER, Deputy Sheriff; JOHN<br>DOE, Deputy Sheriff,<br>                               Defendants. | Civil No.   13cv2785 JAH (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) (ECF Doc. Nos. 2, 6)**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO CORRECT SPELLING BUT DENYING HIS REQUEST FOR LOCAL RULES AS MOOT (ECF Doc. No. 4)**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

      Charles Miller ("Plaintiff"), who is currently detained at Los Angeles Men's Central Jail, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a);

instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).[1]

In addition, Plaintiff has submitted a Motion requesting that the Clerk correct the spelling of Defendant Pena's name and a copy of the Court's Local Rules (ECF Doc. No. 4), as well as a Motion for Appointment of Counsel (ECF Doc. No. 6) pursuant to 28 U.S.C. § 1915(e)(1).

## I.

## Motion to Proceed IFP

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

///

---

[1] On January 30, 2014, Plaintiff filed a Notice of Change of Address indicating his transfer from the San Diego Central Jail to the LA Central Jail (ECF Doc. No. 7).

1  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner,
2  which were dismissed on the ground that they were frivolous, malicious, or failed to state
3  a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the
4  district court styles such dismissal as a denial of the prisoner's application to file the
5  action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153
6  (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by
7  section 1915(g) from pursuing any other IFP action in federal court unless he can show
8  he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g);
9  *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which
10 "make[] a plausible allegation that the prisoner faced 'imminent danger of serious
11 physical injury' at the time of filing.").

## II.

## Application of 28 U.S.C. § 1915(g)

14  As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and
15 has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced
16 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d
17 at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff alleges that Defendants, all San Diego
18 County Jail officials, limited his access to a law library, found him guilty of a rules
19 violation because he is "an inmate who is a grievance writer," and denied his requests
20 for a pillow, an extra mattress, blanket, and shoes with arch supports. *See* Compl. at 3-5.
21 Nothing in Plaintiff's Complaint suggests he faced any "'ongoing danger" of serious
22 physical injury sufficient to "meet the imminence prong of the three-strikes exception"
23 at the time he filed his Complaint. *Cervantes*, 493 F.3d at 1057. Therefore, Plaintiff
24 may be barred from proceeding IFP in this action if he has on three prior occasions had
25 civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim.
26 *See* 28 U.S.C. § 1915(g).
27  / / /
28  / / /

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff Charles Miller, currently identified under Booking No. 13761632, aka Charles Lamont Miller, former CDCR #T-18663 and #F-88264,[2] has had at least five prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

1) *Miller v. Kolender, et al.*, Civil Case No. 01-cv-1061 JM (NLS) (S.D. Cal. Aug. 29, 2001) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)) (ECF Doc. No. 7) & (S.D. Cal. Aug. 5, 2008) (Order Denying Motion for Reconsideration) (ECF Doc. No. 22) (strike one);

2) *Miller v. Hudgins, et al.*, Civil Case No. 01-cv-1615 BTM (JFS) (S.D. Cal. Nov. 26, 2001) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)) (ECF Doc. No. 4) (strike two);

3) *Miller v. Vandyke, et al.*, Civil Case No. 02-cv-1490 BTM (JFS) (S.D. Cal. Oct. 2, 2002) (Order denying motion to proceed IFP and dismissing action for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)) (ECF Doc. No. 5) (strike three);

4) *Miller v. Hernandez, et al.*, Civil Case No. 02-cv-1653 JAH (NLS) (S.D. Cal. Aug. 29, 2002) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)) (ECF Doc. No. 5) & (S.D. Cal. Nov. 21,

---

[2] The Court has verified with the California Department of Corrections and Rehabilitation's ID Warrants Unit that Plaintiff, Charles Lamont Miller, former designated CDCR Inmate #F-88264, is the same prisoner who was previously designated as Inmate #T-18663. According to the ID Warrants Unit, Inmate #T-18663 was "discharged" on December 18, 2003, and Plaintiff was designated with new CDCR Inmate #F-88264 upon a later re-commitment.

2003) (Judgment of Dismissal for failure to prosecute) (ECF Doc. No. 21) (strike four); and

5) *Miller v. Brooks, et al.*, Civil Case No. 03-cv-0155 GHK (FFM) (C.D. Cal., West. Div., June 15, 2007) (Order granting Motion to Dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6)) (ECF Doc. No. 98); (C.D. Cal. West. Div., Aug. 16, 2007) (Report and Recommendation to Dismiss for failure to comply with Court Order requiring amendment) (ECF Doc. No. 100); (C.D. Cal. West. Div., Oct. 16, 2007) (Order adopting findings, conclusions and recommendations and dismissing action) (ECF Doc. No. 103) (strike five).[3]

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.
### Conclusion and Order

For the reasons set forth above, the Court hereby:

1) DENIES Plaintiff's Motions to Proceed IFP (ECF Doc. No. 2) and for Appointment of Counsel (ECF Doc. No. 6) pursuant to 28 U.S.C. § 1915(g);

///

---

[3] The Court notes Plaintiff was previously denied IFP pursuant to 28 U.S.C. § 1915(g) in *Miller v. Kolender, et al.*, S.D. Cal. Civil Case No. 09-cv-2803 W (NLS) (Dec. 31, 2009 Order Denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Civil Action for Failure to Pay Filing Fees [ECF Doc. No. 5]).

 2)   GRANTS Plaintiff's Motion to Correct the Spelling of Defendant Pena's name on the docket, but DENIES his request for Local Rules as moot (ECF Doc. No. 4);

 3)   DISMISSES this action without prejudice for failure to pay the $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and

 4)   CERTIFIES that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

DATED: April 25, 2014

HON. JOHN A. HOUSTON
United States District Judge